# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1053V
Filed: June 25, 2019
UNPUBLISHED

| | |
|---|---|
| STEVEN WASHINGTON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the adverse effects of an influenza ("flu") vaccine administered on November 23, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 17, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On June 21, 2019, respondent filed a proffer on award of

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating petitioner should be awarded $141,694.81 consisting of $140,000.00 in pain and suffering, $957.33 in lost wages, and $737.48 in past out of pocket expenses.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $$141,694.81 (consisting of $140,000.00 in pain and suffering, $957.33 in lost wages, and $737.48 in past out-of-pocket expenses in the form of a check payable to petitioner, Steven Washington.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEVEN WASHINGTON,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 17-1053V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 17, 2019, respondent filed her Amended Rule 4(c) Report, in which she conceded entitlement. On June 17, 2019, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for his buristis. Based on the evidence in the record, respondent proffers that petitioner receive an award of a lump sum of $141,694.81 (consisting of $140,000.00 in pain and suffering, $957.33 in lost wages, and $737.48 in past out-of-pocket expenses) in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Camille M. Collett*\_\_\_\_\_
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-0515

Dated:  June 21, 2019